UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| STEVEN LEE KLINE, | : | Case No. 3:23-cv-5 |
| Petitioner, | : | |
| | : | District Judge Michael J. Newman |
| vs. | : | Magistrate Judge Karen L. Litkovitz |
| | : | |
| WARDEN, CHILLICOTHE CORRECTIONAL INSTITUTION, | : | |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion to dismiss (Doc. 6) and petitioner's response in opposition (Doc. 7). For the reasons stated below, the undersigned recommends that the petition be dismissed because it is time-barred pursuant to 28 U.S.C. § 2241(d)(1).

**I. PROCEDURAL HISTORY**

**State Trial Proceedings**

On July 3, 2008, the Champaign County, Ohio, grand jury returned a twelve-count indictment charging petitioner with twelve counts of rape, pursuant to Ohio Rev. Code § 2907.02(A). (Doc. 5, Ex. 1). On September 30, 2008, after initially entering a not guilty plea, petitioner, through counsel, withdrew his former plea and entered a plea of guilty to three counts of rape. (Doc. 5, Ex. 3). The trial court accepted petitioner's guilty plea and dismissed the remaining counts. (*Id.* at PageID 37). On November 18, 2008, petitioner was sentenced to serve

three consecutive sentences of life without parole in the Ohio Department of Rehabilitation and Correction. (Doc. 5, Ex. 4 at PageID 40).

### Direct Appeal

On January 8, 2009, petitioner, through counsel, filed a notice of appeal to the Ohio Court of Appeals. (Doc. 5, Ex. 5). On March 26, 2009, the Ohio appeals court issued an order indicating that petitioner's appellate counsel "filed a brief in this matter asserting inability to find any meritorious claims to present for review." (Doc. 5, Ex. 7 at PageID 52). Pursuant to *Anders v. California*, 386 U.S 738 (1967), petitioner was granted an extension of time to file a pro se brief. Petitioner, through newly appointed counsel, subsequently raised the following two assignments of error:

1. The State of Ohio violated the plea agreement between the parties by presenting arguments at the sentencing hearing that could be construed as advocating a sentence of life without parole.

2. The trial court erred in concluding that the sentences on each count were to be served consecutively "as required by law."

(Doc. 5, Ex. 8 at PageID 55). On August 20, 2010, the Ohio Court of Appeals affirmed the judgment of the trial court. (Doc. 5, Ex. 10).

Petitioner did not seek further review in the Ohio Supreme Court.

### Motion to Withdraw Guilty Plea and Motion for New Trial

On August 1, 2011, petitioner filed a pro se motion to withdraw his guilty plea and a motion for a new trial in the trial court. (Doc. 5, Ex. 11). On March 12, 2012, the trial court denied petitioner's motions. (Doc. 5, Ex. 13).

Petitioner did not appeal from the trial court's order.

**Second Direct Appeal**

On November 18, 2015, more than three years later, petitioner filed a second notice of appeal from his November 18, 2008 judgment and conviction. (Doc. 5, Ex. 14). On November 30, 2015, the Ohio appeals court issued an order for petitioner to show cause why the appeal should not be dismissed. (Doc. 5, Ex. 15). On February 2, 2016, after petitioner responded to the show cause order, the Ohio Court of Appeals dismissed the appeal. (Doc. 5, Ex. 18).

Petitioner filed a notice of appeal to the Ohio Supreme Court. (Doc. 5, Ex. 19). In his memorandum in support of jurisdiction, petitioner raised the following two propositions of law:

1. The appellate court denied appellate due process and equal protection of the law when it denied appellant's delayed appeal to correct a clear manifest miscarriage of justice in violation of the 1st, 5th, 8th, and 14th Amendments to the United States Constitution, "where the state courts are fully aware of appellant's mental disabilities.["]

2. Ineffective assistance of trial counsel argued in the appellate court.

(Doc. 5, Ex. 20 at PageID 156). On June 15, 2016, the Ohio Supreme Court denied jurisdiction over the appeal. (Doc. 5, Ex. 21).

**Post-Conviction Relief**

On July 16, 2021, petitioner filed a pro se motion to set aside judgment and vacate his guilty plea. (Doc. 5, Ex. 22). Petitioner argued that he was not correctly informed about his sex offender registration status. On July 23, 2021, the trial court denied the motion, finding that petitioner's claim could have been raised on direct appeal and was therefore barred under the doctrine of *res judicata*. (Doc. 5, Ex. 23).

Petitioner appealed the trial court's decision to the Ohio Court of Appeals. (Doc. 5, Ex. 24, 25). On March 11, 2022, the Ohio appeals court affirmed the judgment of the trial court.

3

(Doc. 5, Ex. 28). Petitioner unsuccessfully sought reconsideration. (Doc. 5, Ex. 29, 30).

On May 11, 2022, petitioner appealed the decision to the Ohio Supreme Court. (Doc. 5, Ex. 31, 32). On August 2, 2022, the Ohio Supreme Court declined jurisdiction over the appeal. (Doc. 5, Ex. 33).

<strong>Federal Habeas Corpus</strong>

On December 20, 2022, petitioner commenced the instant federal habeas corpus action.[1] (*See* Doc. 1 at PageID 15). Petitioner raises the following single ground for relief in the petition:

> **GROUND ONE**: Equal Protection.
>
> <u>Supporting Facts</u>: The lower courts did not substantially comply with the legislature, nor adhere to the plea agreement. More importantly, prior to acceptance of the plea, the court failed to address the punitive factors of registration classification, and community-notification.

(Doc. 1 at PageID 5).

Respondent has filed a motion to dismiss the petition (Doc. 6), which petitioner opposes (Doc. 7). According to respondent, petitioner's ground for relief is time-barred.

**II. ANALYSIS.**

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

---

[1] The petition was filed with the Court on January 4, 2023. (*See* Doc. 1). Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on December 20, 2022. (*See* Doc. 1 at PageID 15). Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on December 20, 2022.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.[2]

There is no evidence in the record in this case to suggest that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to petitioner's ground for relief. Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's ground for habeas relief is based on alleged errors that occurred during the trial court proceedings. Because petitioner was aware of the facts underlying his claims or the claims could have been discovered through the exercise of due diligence by the close of the direct review, his ground for relief is governed by the one-year statute of limitations

---

[2] Petitioner argues that the statute of limitations does not apply in this case, asserting that the "sentencing court patently and unambiguously lacked subject-matter jurisdiction." (Doc. 7 at PageID 275). However, this Court and other federal courts "considering whether subject matter jurisdiction claims provide an exemption from the AEDPA's statute of limitations have uniformly rejected such claims." *Meadows v. Warden*, No. 1:10-cv-640, 2011 WL 4442644, at *4-5 (S.D. Ohio May 4, 2011) (collecting cases) (Report and Recommendation), *adopted*, 2011 WL 4434877 (S.D. Ohio Sept. 22, 2011). *See also, e.g.*, *Voyles v. Crow*, No. CIV-22-71-F, 2022 WL 949979, at *1 (W.D. Okla. Mar. 29, 2022) ("there is no exception to § 2244(d)(1)'s one-year statute of limitations for a habeas claim based on a trial court's alleged lack of subject matter jurisdiction").

5

set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

In this case, under § 2244(d)(1)(A), petitioner's conviction became final on October 4, 2010, when the 45-day period expired for filing an appeal to the Ohio Supreme Court from the Ohio Court of Appeals' August 20, 2010 direct appeal decision. *See* Ohio Sup. Ct. Prac. R. 7.01(A)(1)(a)(1). *See also Gonzalez v. Thaler,* 565 U.S. 134, 149-52 (2012) (holding that because the petitioner did not appeal to the State's highest court, his conviction became final under § 2244(d)(1)(A) "when his time for seeking review with the State's highest court expired"). The statute commenced running on October 5, 2010, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on October 5, 2011, absent the application of statutory or equitable tolling principles.

During the one-year limitations period, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar. *Id.*

6

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

In this case, the limitations period ran for 300 days—from October 5, 2010 until August 1, 2011—before petitioner filed his motion to withdraw guilty plea and motion for a new trial in the trial court. (*See* Doc. 5, Ex. 11). The limitations period was tolled until the trial court denied the motion on March 12, 2012. (*See* Doc. 5, Ex. 13). The limitations period ran the remaining 65 days and expired on May 16, 2012.[3] Because petitioner did not file his federal habeas petition until December 20, 2022, more than ten years later, the petition is time-barred unless equitable tolling principles apply in this case.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 560 U.S. at 645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas

---

[3] Petitioner took no further action in the state courts until November 18, 2015, when he filed a second notice of appeal. (*See* Doc. 5, Ex. 14). Because the limitations period had already expired, the second appeal (and petitioner's subsequent state-court filings) do not operate to toll the limitations period. *See Vroman*, 346 F.3d at 602.

petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. First, petitioner has not shown that he has been diligent in pursuing his rights. The Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether petitioner was diligent in pursuing federal habeas relief. In this case, petitioner waited 4,460 days, more than twelve years, to file his habeas petition after his conviction and sentence became final. Accordingly, petitioner has not demonstrated that he was diligent in pursuing his federal rights. *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003) (finding that petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence"). Second, petitioner has not argued much less demonstrated that he was prevented by some extraordinary circumstance from seeking relief in a timely manner. Petitioner has therefore failed to demonstrate that he is entitled to equitable tolling and the petition is time-barred.

8

Finally, petitioner has neither argued nor otherwise demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). No such showing has been made in this case.

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254. Under the applicable provision set forth in 28 U.S.C. § 2244(d)(1)(A), petitioner's conviction and sentence became final on October 4, 2010 and expired on May 16, 2012. Statutory or equitable tolling principles do not apply to further extend the limitations period or otherwise avoid the statute-of-limitations bar to review in this case. Therefore, petitioner's habeas corpus petition, filed on December 20, 2022, more than ten years after the expiration of the limitations period, is time-barred.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The motion to dismiss (Doc. 6) be **GRANTED** and the petition (Doc. 1) be **DISMISSED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d)**.**

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it

debatable whether the Court is correct in its procedural ruling.[4]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140

---

[4] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: 12/2/2023

Karen L. Litkovitz
United States Magistrate Judge